NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____

DANIEL ANTONIO                           :
MALDONADO-CONTRERAS       :        Civil Action No.: 01-2689 (JLL)
                                                  :
              Petitioner,                     :
                                                  :
              v.                                 :        **OPINION**
                                                  :
UNITED STATES OF AMERICA,   :
                                                  :
              Respondent.                  :
_____:

LINARES, District Judge.

Presently before this Court is the motion of petitioner Daniel Antonio Maldonado-

Contreras to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the

reasons set forth below, the motion is DISMISSED as time-barred.

I. FACTUAL BACKGROUND

On or about September 20, 1993, petitioner was convicted on one count of conspiracy to

possess with intent to distribute more than five kilograms of cocaine, contrary to 21 U.S.C. §§

841(a)(1) and 846.  On or about November 29, 1993, he was sentenced to a term of

imprisonment of 151 months, plus a five-year period of supervised release.  Petitioner filed a

timely notice of appeal, and on July 21, 1994, the Court of Appeals affirmed his conviction.  See

United States v. Contreras, 31 F.3d 1174 (3d Cir. 1994).

On or about June 6, 2001, petitioner filed, pro se, the instant request for relief under 28 U.S.C. § 2255.

### II. STANDARDS GOVERNING PETITIONER'S § 2255 CLAIMS

A.      *Framework*

A pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996).  Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance.  Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Duarte v. Hurley, 43 F. Supp. 2d 504, 507 (D.N.J. 1999).  Because Contreras is proceeding pro se, the Court will construe his motion liberally.

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack the validity of his sentence.  The statute "cures jurisdictional errors, constitutional violations, proceedings that resulted in a 'complete miscarriage of justice,' or events that were 'inconsistent with the rudimentary demands of fair procedure.'"  DeOca v. United States, 2004 U.S. Dist. LEXIS 481, at *4 (D. Del. Jan. 16, 2004) (quoting United States v. Timmreck, 441 U.S. 780, 784 (1979)).  More specifically, a federal prisoner has the right to be released if his sentence (1) was imposed in violation of the Constitution or federal law, (2) was imposed by a court lacking jurisdiction, (3) was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255.  The grounds for collateral attack of a sentence pursuant to § 2255 are construed narrowly.  United States v. Biberfeld, 957 F.2d 98, 102 (3d Cir.1992); Taccetta v. United States, 975 F. Supp. 672, 676 (D.N.J. 1997).

B.      *Statute of Limitations*

The Government contends that petitioner has failed to meet the time limitation for filing

his §2255 motion, thereby barring this claim for habeas relief.

Prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death

Penalty Act ("AEDPA"), "federal prisoners were given virtually unlimited time in which to file

habeas petitions after their convictions became final." Fadayiro v. United States, 30 F. Supp. 2d

772, 775 (D.N.J. 1998). The AEDPA, however, amended § 2255 to include a one-year

limitations period:

> A 1-year period of limitation shall apply to a motion
> under this section. The limitation period shall run from
> the latest of--
>
> (1) the date on which the judgment of conviction
> becomes final;
>
> (2) the date on which the impediment to making a motion
> created by governmental action in violation of the
> Constitution or laws of the United States is removed, if the
> movant was prevented from making a motion by such
> governmental action;
>
> (3) the date on which the right asserted was initially
> recognized by the Supreme Court, if that right has been
> newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or
> claims presented could have been discovered through the
> exercise of due diligence.

28 U.S.C. § 2255 (emphasis added).

Petitioner filed his § 2255 motion on June 6, 2001, nearly seven years after his judgment

of conviction became final. See Fadayiro, 30 F. Supp. 2d at 777-78 (holding that § 2255

petitioner has one year from the date the Circuit affirms conviction to file motion). As a result,

his motion relies, as it must, on the third category of triggering events set forth in § 2255,

namely, recognition by the Supreme Court of a retroactively applicable right.  Petitioner claims

that such a right was recognized in Apprendi v. New Jersey, which held that "any fact that

increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to

a jury, and proved beyond a reasonable doubt."  530 U.S. 466, 490 (2000).  He is mistaken.

While the parties do not dispute that the right set forth in Apprendi was "newly

recognized," that right has not been made retroactively applicable to cases on collateral review.

The standard for retroactive application under § 2255 is set forth in Teague v. Lane, 489 U.S. 288

(1989), which set forth general principles for determining retroactivity of new rules of criminal

procedure.  See United States v. Swinton, 333 F.3d 481, 487 (3d Cir. 2003).  In Teague, the

Supreme Court set forth two narrow exceptions to the non-retroactive application of a new

procedural rule: if the rule "(1) places certain kinds of primary, private individual conduct

beyond the power of the criminal law-making authority to proscribe; or (2) requires the

observance of those procedures that are implicit in the concept of ordered liberty."  Id. (citing

Teague, 489 U.S. at 311).  The Apprendi holding, which established a procedural, not a

substantive, requirement, falls under neither of these exceptions.  Id. at 489, 491.[1]  Consequently,

because petitioner's was filed several years after his conviction became final, at which time the

limitations period was triggered, the motion is DISMISSED as time-barred.

---

[1]Each circuit to have addressed the issue has likewise held that Apprendi does not apply
retroactively to motions for post-conviction relief.  See United States v. Brown, 305 F.3d 304,
310 (5th Cir. 2002); Curtis v. United States, 294 F.3d 841, 842-44 (7th Cir. 2002); United States
v. Mora, 293 F.3d 1213, 1218-19 (10th Cir. 2002); United States v. Moss, 252 F.3d 993,
997-1001 (8th Cir. 2001); United States v. Sanders, 247 F.3d 139, 141 (4th Cir. 2001); Goode v.
United States, 305 F.3d 378, 382 (6th Cir. 2002); United States v. Sanchez- Cervantes, 282 F.3d
664, 667-71 (9th Cir. 2002); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001).

C.     *Certificate of Appealability*

The Court must determine whether a certificate of appealability should issue.  See 3rd

Cir. LAR 22.2.  The Court may issue a certificate only if petitioner "has made a substantial

showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a

showing, petitioner must demonstrate not only "that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right," but also " that

jurists of reason would find it debatable whether the district court was correct in its procedural

ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Review of the claims advanced by

petitioner reveals that he failed to make a substantial showing of the denial of a constitutional

right necessary for a certificate of appealability to issue.  Therefore, this Court declines to issue a

certificate of appealability pursuant to § 2253(c)(2).


### III.  CONCLUSION

For the foregoing reasons, petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or

correct his sentence is dismissed as untimely.  A certificate of appealability will not issue.  An

appropriate Order accompanies this Opinion.


DATED:        July 6, 2005                                Jose L. Linares
                                                          United States District Judge